515 A.2d 767

**Gary D. SNYDER**

v.

**Edward J. GLUSING, Jr. et al.**

**No. 104, Sept. Term, 1986.**

Court of Appeals of Maryland.

Oct. 8, 1986.

Edward L. Blanton, Jr. (Blanton & McCleary, on brief), Towson, for appellant.

Michael P. Smith and Michel Pierson, Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ.

PER CURIAM:

This contested election case, growing out of the September 9, 1986, primary elections, involves the nomination by

the Republican Party of a candidate for State Senator from the Eighth Legislative District. Appellant filed a petition to void that election pursuant to Md.Code (1957, 1983 Repl. Vol., 1985 Cum.Supp.), Art. 33, §§ 19–1 through 19–5. The Circuit Court for Baltimore County, acting pursuant to Maryland Rule 2–519, granted motions for judgment made by the appellees at the close of the evidence offered by the appellant and dismissed the petition. Appeal is directly to this Court under § 19–4(3)(i).

■■■ On the record before us we conclude that the appellant presented at least a prima facie case that the appellees had violated Art. 33, § 26–16(a)(7) by causing a sample ballot to be distributed which did not clearly indicate the name of the candidate or committee responsible for the literature. We further conclude that the circuit court applied an incorrect standard in evaluating the appellant's proof in that the circuit court concluded that the above-described violation had not "affected the outcome of the election," whereas under Art. 33, § 19–5(1) the standard is whether the court can find, "based upon clear and convincing evidence, that the act or omission involved materially affected the rights of interested parties or the purity of the election process and *[m]ight* have changed the outcome of an election already held[.]" (Emphasis added.) Finally, we conclude that the appellant's proof, including the permissible inferences therefrom most favorable to the appellant, was legally sufficient to permit a fact finder to determine that the violation might have changed the outcome of the election.

Mandate to issue forthwith.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY THE APPELLEES.